IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 FEB 10  P 12: 52

| | |
|---|---|
| ALBERT A. CHAPPELL,<br>8601 Manchester Road, Apt #407<br>Silver Spring, Maryland 2090<br>(Montgomery County)<br>(301) 585-7651<br>albert_chappell@hotmail.com<br><br>PLAINTIFF.<br><br>V.<br><br>JEFFREY L. FRIEDMAN,<br>100 Owings Court, Suite 4<br>Reisterstown, Maryland, 21136<br><br>DEFENDANT | Civil No.: RWT 09 CV 0311 |

## COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES

Plaintiff, Albert A. Chappell, alleges as follows:

1. Plaintiff brings this action under Section 1692 of the Fair Debt Collection Practices Act (The ACT) 15 USC Section 1692 to recover monetary damages and to obtain injunctive relief.

2. Jurisdiction is based upon 28 USC Section 1331 (b) (2)..

3. Venue in the Southern Division of the District for Maryland is proper under 28 USC Section 100 (2).

4. The Plaintiff is a resident of Montgomery County Maryland and is a "consumer" as defined by the "Act".

5. The defendant is an attorney and a "debt collector" as defined by The Act.

6. All of the acts complained of herein occurred in Montgomery County Maryland.

7. On or about January 1, 2009 the Defendant filed a writ of garnishment in the District Court for Maryland against a bank account held in the Plaintiff's name at the Bank of America.

8. This account was used to receive the Plaintiff's Social Security check which was deposited directly into the account.

9. On January 30, 2009 the Plaintiff filed a motion, with an accompanying affidavit, to release property from a levy/garnishment stating that the account was exempt from garnishment because it contained funds provided by the Social Security Administration. (A copy of the motion and affidavit is attached hereto as Exhibit A.)

10. The affidavit had an attached bank statement showing the account activity for the past seven months. The statement showed that all of the deposits into the account came from the Social Security Administration.

11 On January 30, 2009 the Plaintiff sent a letter, with the motion and affidavit as attachments, asking the Defendant to release the property because it was exempt.. (A copy of the letter is attached hereto as Exhibit B.)

12 On February 3, 2009 the Defendant called the Plaintiff. He asked me what I proposed to do about the suit and I asked him to release the garnishment. He did not want to talk about the release and I did not want to talk about the debt. The conversation ended with both parties saying he would see the other in court.

13. Later that afternoon I called the Defendant. He asked me what was the purpose of my call. I told him that I wanted to know whether or not he intended to release the garnishment. He told me that he would not do so. I then asked him what was his basis for not doing so since the funds were exempt from garnishment. He then said that the courts had a process for determining the facts and that he would rely upon the court's process.

14.. The Plaintiff is a disabled recipient of disability social security payments. The Plaintiff's Social Security check is his only source of income and as a direct and a proximate result of the Defendant's conduct the Plaintiff is totally without funds and must rely upon family and friends to obtain the necessities of life, including food, medicines and the payment of rent and utilities.

15. The Plaintiff was embarrassed and humiliated by his need to ask his family and friends for assistance which was the result of the Defendants intentional act.

16. The Defendant's intentional refusal to release the funds constitutes conduct with the natural consequence of harassment, oppression or abuse of the plaintiff in connection with the collection of a debt in contravention of the Act.

Wherefore the Plaintiff demands the following:

A. A preliminary injunction ordering the Defendant to release his garnishment and

B.     That the Plaintiff be awarded a money judgment in the amount of $15,000.00 or whatever amount that jury shall find him to be entitled as actual damages, including costs and attorney fees, and $1,000.00 as exemplary damages.

Dated: February 9, 2009

                                                        Signed,

                                                        Albert A. Chappell
                                                        In proper person
                                                        8601 Manchester Road, Apt #407
                                                        Silver Spring, Maryland 20901
                                                        (301) 585-7651
                                                        albert_chappell@hotmail.com


## JURY DEMAND

Now comes the Plaintiff and he demands a jury trial of all the outstanding issues in the above entitled case.

                                                        Signed,

                                                        Albert A. Chappell