**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ALBERT A. CHAPPELL** | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. RWT 09-311 |
| **JEFFREY I. FRIEDMAN, et al.** | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

On February 10, 2009, Plaintiff Albert Chappell filed this action *pro se* against Defendants Jeffrey I. Friedman and Bank of America, N.A. In his amended complaint, Plaintiff alleges that in commencing a garnishing proceeding against him, Defendant Friedman violated the Fair Debt Collection Practices Act and that by honoring the subsequent Writ of Garnishment, Defendant Bank of America committed a "wrongful stay" and conversion pursuant to Maryland law. At issue here is Defendant Bank of America's motion to dismiss for failure to state a claim upon which relief can be granted.

**I. FACTS**

On December 4, 2008, Defendant Friedman filed a Request for Garnishment, [Def.'s Mot. to Dismiss Ex. A], on behalf of Optimum Choice, Inc. against Plaintiff in an action pending in the District Court of Maryland for Montgomery County ("Montgomery County Court"). [Am. Compl. ¶ 7; Def.'s Mot. to Dismiss 2]. The Montgomery County Court issued a Writ of Garnishment, [Def.'s Mot. to Dismiss Ex. B], which, on January 12, 2009, [Def.'s Mot. to Dismiss 2], was served

upon Defendant Bank of America ("the Bank") instructing the Bank "to hold, subject to further proceedings" all of Plaintiff's property in the Bank's possession. [Def.'s Mot. to Dismiss 2]. The Bank obeyed the writ by placing a hold on the Plaintiff's account. [Am. Compl. ¶¶ 8-9].

On January 30, 2009, Plaintiff filed a Motion for Release of Property from Levy/Garnishment, [Def.'s Mot. to Dismiss Ex. C], with accompanying affidavit in the Montgomery County Court averring that the funds being held by the Bank were exempt from garnishment pursuant to 42 U.S.C. § 407(a) because they consisted entirely of his Social Security benefits. [Am. Compl. ¶ 10; Def.'s Mot. to Dismiss 2]. Attached to the Motion and affidavit were Plaintiff's bank statements for the previous seven months confirming that the sole deposits into the account were from the Social Security Administration. [Am. Compl. 11].

On February 2, 2009, pursuant to Md. Code. Ann., Garnishment of Prop. § 3-645 (West 2009), the Bank filed an Answer to the Writ of Garnishment, [Def.'s Mot. to Dismiss Ex. D], admitting that it was indebted to Plaintiff in the amount of $135.40 but that it would hold the funds pending further order from the Montgomery County Court. [Def.'s Mot. to Dismiss 2-3]. On February 19, the Montgomery County Court ordered the Bank to release the funds, which it did. [Am. Compl. Count V ¶ 14; Def.'s Mot. to Dismiss 3].

On March 23, 2009, Plaintiff filed his amended complaint in this Court alleging that the Bank committed a wrongful stay by placing a hold on the $135.40 in Plaintiff's account and conversion by charging Plaintiff $235 in fees for processing the garnishment, both in violation of Maryland law. [Am. Compl. Counts IV[1] & V]. In his answer to Defendant's motion to dismiss,

---

[1]Plaintiff numbers the wrongful stay claim against the Bank inconsistently between his original and amended complaints, however, the Bank refers to the claim as "Count IV" in its motion to dismiss and so for the sake of clarity the Court will do the same in this opinion.

2

Plaintiff requested leave to amend his complaint to replace his conversion claim with a claim of "intentional interference with the right (such as the right to control one's own money in one's bank account)." [Pl.'s Answer to Def.'s Mot. to Dismiss 3-4]. Plaintiff seeks a permanent injunction and a total of $80,000 in money damages. [Am. Compl. Count IV ¶¶ A-C, Count V ¶¶ A-C]. Now before the Court is the Bank's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to all of Plaintiff's claims.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007), the Supreme Court declared the "retirement" of the long-cited "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41 (1957).[2] The Court in *Twombly* looked instead to whether the plaintiff stated "enough facts to state a claim to relief that is plausible on its face," *id.* at 570, observing that "plaintiff's obligation to provide grounds for his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v.*

---

[2] *Conley* stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

The Court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson County*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002). If "matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d).

### III.  DISCUSSION

*A.  Wrongful Stay Claim*

The issue with respect to Plaintiff's wrongful stay claim is whether the Bank had a duty to assert Plaintiff's Social Security exemption in its Answer to the Writ of Garnishment and refuse to attach the requested funds. Social security benefits that have been paid are indeed exempt from state garnishment proceedings under 42 U.S.C. § 407(a) (2006), *see Harris v. Bailey*, 675 F.2d 614, 615 (4th Cir. 1982), and this exemption extends to payments deposited into the beneficiary's bank account. *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 417 (1973). Nevertheless, state statutes dictate garnishment proceedings and the controlling Maryland rules clearly provide that the burden of asserting an exemption is upon the debtor. *See* Md. Code Ann., Garnishment of Prop. § 3-643(c)(2) (West 2009) (providing that a court may release some or all of the property from a levy

if an exemption is found *upon motion of the judgment debtor*) (emphasis added). The garnishee (the Bank in this case), on the other hand, is directed "to hold, subject to further proceedings, any property of the Judgment Debtor in [its] possession at the time of service of [the] Writ," *id.* § 3-645(c), but is under no obligation to assert the debtor's or its own defenses at that time. *Id.* § 3-645(e) (garnishee "*may* assert any defense that the garnishee may have to the garnishment, as well as any defense that the judgment debtor could assert") (emphasis added); *cf. Usery v. First Nat'l. Bank of Ariz.*, 586 F.2d 107, 107-08 (9th Cir. 1978) (holding that when answering a garnishment notice, a bank is not required to assert the depositor's right to a wage earner's exemption under the Consumer Credit Protection Act because the exemption does not continue after wages are deposited into the account).

In this case, the Plaintiff filed a motion to assert his exemption on January 30 and the Bank responded on February 2, admitting that it was indebted to Plaintiff for the amount withheld, but would continue to hold the funds pending further order from the Montgomery County Court. The Bank released its hold on the funds following the Court's order issued on February 19. Accordingly, because under Maryland law the Bank was neither obligated to assert Plaintiff's exemption in its Answer to the Writ nor to refuse to attach the requested funds, the Bank's motion to dismiss shall be granted with respect to the wrongful stay claim.

### B.   *Conversion*

Plaintiff's claim of conversion must also be dismissed because, under Maryland law, money that is neither segregated nor identifiable cannot be the subject of a conversion claim. *Coots v. Allstate Life Ins. Co.*, 313 F. Supp. 2d 539, 543 (D. Md. 2004) (citing *Darcars Motors of Silver*

5

*Spring, Inc.*, 841 A.2d 828, 834 n.3 (Md. 2004)).  In this case, Plaintiff's funds were neither segregated nor identifiable but only a lump sum deposited into Plaintiff's general account.  *See IFAST, Ltd. v. Alliance for Telecomms. Indus. Solutions, Inc.*, No. CCB-06-2088, 2007 WL 3224582, at *9 (D. Md. 2007) (funds that are deposited into a general account are not segregated); *Darcars*, 841 A.2d at 834 n.3 (funds were not identifiable where the funds in question were not specific bills but a lump sum).  Furthermore, the Plaintiff has conceded that Maryland law does not provide for an action for conversion of currency.

Along with his concession, Plaintiff requested leave to amend his complaint to add a claim of "intentional interference with the right (such as the right to control one's money in one's own bank account) . . . similar to [conversion] in its nature and legal consequences." [Pl.'s Answer to Def.'s Mot. to Dismiss 3-4].  Even if the Court were to grant Plaintiff's leave to amend, Plaintiff's new claim fails as there is no separate claim of intentional interference with such a right.  *See Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 964 (Md. 1999).  Plaintiff bases his new claim on a misreading of *Allied Investment*, which in fact holds that the *tort of conversion* extends to intangible property rights that are merged or incorporated into a transferrable document, not that a separate tort for interference with those rights exists.  *Id.*

Even if the Court were to construe Plaintiff's amendment as making such an amended claim of conversion, the right to control one's own money in one's bank account is not an intangible property right, and no document embodying that right was transferred to the Bank.  *See id.* (a share of a corporation is an intangible property right that may be merged or incorporated into a stock certificate, but is not converted where Defendant did not exercise ownership or dominion over any document pertaining to the interest).  The only document at issue here – the Writ – simply directed

6

the Bank to honor the Court's order with respect to the Montgomery County suit.  Accordingly, Plaintiff's conversion and "intentional interference with a right" claims must be dismissed as the Plaintiff has failed to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will, by separate order, grant Defendant Bank of America's Motion to Dismiss [Paper No. 11].


Date: July 23, 2009             _____/s/_____
                                ROGER W. TITUS
                                UNITED STATES DISTRICT JUDGE